(Hamilton Co. Court of Common Pleas.)

February, 1898.

PATRIK F. FITZPATRIK, on behalf of the corporation of the city of Cincinnati, plaintiff, v. THE BROMWELL BRUSH & WIRE GOODS COMPANY, a corporation; ISAAC J. MILLER, GEORGE HENSHAW, ROBERT J. MORGAN and FRANK KIRCHNER, as members of and constituting the board of police commissioners of the city of Cincinnati, and THE CITY OF CINCINNATI, a municipal corporation, defendants.

———

1. A contract whereby city convicts are hired to a corporation, is not inhibited by section 6 of article 8 of the state constitution, forbidding any city from becoming a stockholder in or raising money for or loaning its credit to any corporation.

2. The making of such a contract by the board of police commissioners (a state board) is not an exercise of any corporate power conferred upon the city, and consequently is not in violation of section 1777 R. S.

3. If such a contract is in violation of section 7432-1 R. R., the remedy is not by injunction against its execution, but would be in an action brought subsequent to its execution at the instance of the labor commissioner and attorney general.

4. Whether such a contract would be good or bad policy must be determined by the legislature, and not by the courts.

———

MURPHY, J.

This is an action in which the plaintiff sues as a tax-payer of the city of Cincinnati to enjoin the police commissioners, the Bromwell Brush & Wire Goods Company and the city of Cincinnati from making a contract which had been submitted by the Bromwell Brush & Wire Goods Company to the Police Commissioners of the city of Cincinnati, in which contract the city of Cincinnati was named as a party of the first part, and the Bromwell Brush & Wire Goods Company was designated as the party of the second part. By the terms of this contract the party of the first part was to furnish to the party of the second part two hundred able-bodied persons confined in the work house of said city under sentence of some court, to be used by the party of the second part in the manufacturing of brushes, wire goods and other articles, and the number of such convicts might be increased to the number of three hundred and fifty; the party of the first part to allow the party of the second part the use of the buildings and machinery now upon the premises and forming a part of the

work house, and to light and heat the same.

The petiton alleges that the city of Cincinnati is a city of the first grade of the first class; that the plaintiff applied to the corporation counsel to enjoin the making of the above contract and which he refused to do; that the work house and grounds upon which the same stands were paid for by money raised by taxes paid by the citizens of the city of Cincinnati; that the Bromwell Brush & Wire Goods Company is a corporation under the laws of Ohio for profit, and that the defendants George Henshaw, Isaac J. Miller, Robert J. Morgan and Frank Kirchner are the police commissioners of the city of Cincinnati, and that they threaten to and are about to sign and execute the above contract unless restrained by the order of this court.

The answer admits that the city of Cincinnati is a city of the first grade of the first class; that the plaintiff applied to the corporation counsel to enjoin the making of a contract, and that said corporation counsel refused this request. It admits that the ground upon which the work house and buildings are situated, and the work house and other buildings thereon, were paid for by taxes raised on the taxable property of the city of Cincinnati; that the Bromwell Brush & Wire Goods Company is a corporation for profit under the laws of Ohio; that the parties named are the police commissioners of said city and have charge of said work house, and denies the other allegations of the petition, among which is that the police commissioners threaten and are about to execute the contract referred to.

Many reasons are urged why the defendants should be enjoined, and I have examined them with the care the importance of the subject demands.

Counsel for plaintiff insists that the police commissioners should be enjoined from executing this contract because their action would be in violation of section 6 of article 8 of the constitution of Ohio, which is as follows:

"The general assembly shall never authorize any county, city, town or township, by vote of its citizens or otherwise, to become a stockholder in any joint stock company, corporation or association whatever; or to raise money for or to loan its credit to or in aid of any such company, corporation or association."

This question is important. If the proposed action of the police commissioners is unconstitutional, we need inquire no further. In my judgment this contract, if entered into, would not violate article 6 of section 8 of the constitution for the reason that it does not propose to do any of the things that are inhibited by that article. It does not undertake to raise

money for, or to loan its credit to or in aid of, any company, corporation or association, such as the Bromwell Brush & Wire Goods Company. The city has convicts which, under the law, it may hire out; but when so hired out, it is neither a sharer in the profits, nor a sharer in the losses of the company to which is let such convict labor.

This action is brought pursuant to section 1777 of the Revised Statutes of Ohio, which section is as follows;

"He (meaning the corporation counsel) shall apply in the name of the corporation to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of any of the laws or ordinances governing the same, or which was procured by fraud or corruption."

The rest of the section has no relation to this subject matter.

It is by reason of this section that the plaintiff seeks his remedy and has his standing in court. This is shown by the fact that he applied to the corporation counsel to bring this action, and upon the refusal of the latter brings the action himself as a tax-payer, following the provision of section 1778 of the Revised Statutes.

Let us examine section 1777, R. S., and see if the plaintiff, by reason of it or any part of it, is entitled to the relief therein provided, and for which he prays. It is not claimed that the action of the police commissioners in making this contract, if they should make it, is a misapplication of the funds of the corporation; therefore that part of the section does not apply. It is claimed, however, that it would be an abuse of corporate powers. In an unreported case the supreme court has decided that the board of police commissioners of the city of Cincinnati is not a municipal but a state board; nor is the power that they would exercise with relation to this contract one that is entrusted to the city of Cincinnati as a corporation or to any board or officer of said city, but is a power conferred directly upon the board of police commissioners by the legislature of Ohio, and had the legislature seen fit might have been conferred upon the governor or any other state officer.

I hold, therefore, that it is not the exercise of any corporate power pertaining to the city of Cincinnati as a municipal corporation, and consequently can not be the abuse of corporate power which ought to be restrained by force of the section under consideration.

It further provides that the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing

the same (that is, the corporation) may be restrained; but, as stated above, the power to make this contract, if exercised at all, will be exercised by force of a statute conferring this power directly upon the board of police commissioners. The exercise of this power, therefore, does not contravene any law or ordinance enacted for the government of the city of Cincinnati, and does not come within the scope of section 1777; nor is it claimed, either in the petition, the testimony or the argument, that this action was procured, or is about to be procured, by fraud or corruption. It seems to me, for the reasons above stated, that there is no power in this court to restrain the action of the board of police commissioners by virtue of anything contained in section 1777 of the Revised Statutes. Nor does the testimony, introduced for that purpose, show that the police commissioners have threatened, or are about to make and execute this contract. The testimony, at the utmost, discloses that only one of the police commissioners was willing to make such a contract.

But there is another question in the case, which has been argued with considerable force by counsel for the plaintiffs, and that is the question arising under section 7432-1 of the Revised Statutes of Ohio, which section is as follows:

"That on and after the 1st day of May, 1894, the total number of prisoners and inmates employed at one time in the penitentiaries, workhouses and reformatories in this state in the manufacture of any kind of goods, which are manufactured in this state outside of such penitentiaries, work-houses and reformatories, shall not exceed ten per centum of the number of all persons in this state outside of such penitentiaries, work-houses and reformatories, employed in manufacturing the same kind of goods as shown by the last federal census or city enumeration, or by the annual or any special report of the commissioner of labor statistics of the state, excepting the industries in which not more than fifty free laborers are employed."

The report of the commissioner of labor statistics is in evidence in this case, and shows that in the manufacture of brushes not more than nineteen could be employed in that industry under the terms of the proposed contract, and it is contended that much more than nineteen is now, and if this contract is made, will in the future be employed in the manufacture of brushes, and therefore that such a contract is in violation of law, and should be restrained.

I can not assume that the police commissioners are ignorant of this law, or that they will make any contract which will violate it. I have a right to assume that they will perform their duty as honestly, as faithfully and as in accord-

ance with law as I am supposed to discharge mine. If a contrary opinion prevail, no officer, whether county or state, would be able to perform any of the functions of his office until he first had the approval of some judge. Such a condition of things would be intolerable, and would, moreover, destroy the independence that the law assumes to exist between the various branches of our government.

This contract, if made at all, will be made subject to existing law, and be subservient to it. If the board of police commissioners in their wisdom see fit to make this contract, and by reason of such contract the law is violated, the remedy is pointed out by law, and I have a right to assume that the labor commissioner and the attorney general will do their duty and see to it that the proper remedy will be taken to prevent any illegal act under this or any other contract made pursuant to the laws of Ohio.

But after all, it appears from the testimony in this case and from the argument of counsel, that this is a broader question than the mere legal one submitted to me. It is the question between free labor and convict labor. Upon the subject I have an opinion and a decided one, which I hold by reason of having given some attention and some study to the subject; but that is a sociological and not a legal question. It is a question that appeals to the legislator and not to the judge. Whether it is good or bad policy to employ convict labor, as is proposed by this contract, is a question that must be settled by the legislature, and until that question of policy is determined, the courts have no power to act. The courts may and do declare certain things to be public policy and will enforce them. But this is not one of those questions.

For the reasons set forth above the petition will be dismissed.

Hiram D. Peck, counsel for plaintiff.

Frank Coppock, H. K. Rogers and J. V. Campbell (Assistant Corporation Counsel), and Joseph Cox, Jr., counsel for defendants.